IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-383-SLR |
| | ) |
| HONORABLE ALLAN ANGEL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of August, 2010, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Michael Duffy ("plaintiff") filed this civil action on May 7, 2010. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578

F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff raises specific claims of larceny and professional malpractice. (*See* D.I. 1, ¶¶ 12-23) The allegations are related to the aftermath of a coastal storm that occurred on May 12, 2008, and the displacement of individuals from their property as a result of the storm. As to the larceny count, plaintiff alleges that personal property he provided to displaced individuals (i.e., the Jester family) for storm recovery was removed when law enforcement officials evicted the family.

7. Plaintiff also raises malpractice claims against Allan Angel ("Angel"), an elected commissioner and the vice-president of the Kent County Levy Court, for not

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

-3-

practicing his elected profession and violating his oath of office and against S. Kiefer ("Kiefer"), zoning director for the Kent County Division of Planning and Zoning, for failing to make an accurate storm assessment and to provide basic necessities for storm recovery. Plaintiff specifically alleges that "malpractice has been committed with harm to the plaintiff's [sic] by directly failing to enforce those part of the county laws that protect storm victims rights." (*Id.* at ¶ 20) Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

8. **Deficient Pleading**. Initially, the court notes that the complaint is deficiently plead. For example, the complaint was filed only by plaintiff, yet it refers to plaintiffs and seeks relief on behalf of various individuals related to plaintiff. Plaintiff is not an attorney, may not act as an attorney for other individuals, and may only may only represent himself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).

9. In addition, there are five named defendants, Angel, Kent County, Inc. ("Kent County"), M. Mange ("Mange"), Kent County administrator, Kiefer, and Kent County Levy Court ("Levy Court") yet many paragraphs in the complaint refer to "the defendant" without specifying to whom the allegations are directed. Also, there are no allegations directed towards Mange who is named in the caption of the complaint.

10. **Jurisdiction**. Finally, the complaint contains no colorable allegations that defendants violated any federal law and, therefore, the court does not have jurisdiction pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 (The district court shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.) See e.g., Brooks-McCollum v. State Farm Ins. Co., 321 F. App'x 205, 207 n.2 (3d Cir. 2009) (not published). Rather, plaintiff raises state claims of larceny and malpractice. Notably, it does not appear from the face of the complaint that the parties are diverse. See 28 U.S.C. § 1332(a) (district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states). Plaintiff provides a Delaware address and it is clear from the complaint that at least two defendants, Kent County and the Levy Court, are citizens of Delaware. There is no diversity of citizenship when the parties are citizens of the same state. 28 U.S.C. § 1332 (a)(1). Therefore, the court does have not original jurisdiction over this matter.[2]

---

[2]It also appears that defendants are entitled to qualified immunity pursuant to 10 Del. C. § 4001. Section 4001 provides that "[e]xcept as otherwise provided by the Constitutions or laws of the United States or of the State, as the same may expressly require or be interpreted as requiring by a court of competent jurisdiction, no claim or cause of action shall arise, and no judgment, damages, penalties, costs or other money entitlement shall be awarded or assessed against the State or any public officer or employee, including the members of any board, commission, conservation district or agency of the State, whether elected or appointed, and whether now or previously serving as such, in any civil suit or proceeding at law or in equity, or before any administrative tribunal, where the following elements are present: (1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority; (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and (3) The act or omission complained of was done without gross or wanton negligence; . . . provided further that in any civil action or proceeding against the State or a public officer, employee or member of the State, the plaintiff shall have the burden of proving the absence of 1 or more of the elements of immunity as set

11. **Conclusion.** For the above reasons, the complaint is dismissed for want of jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. See *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

---

forth in this section."